UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>SHERIFF KELLY MARTINEZ, et al.,<br><br>Respondents. | Case No.: 23-cv-2135-MMA (MSB)<br><br>**ORDER:**<br><br>**(1) DENYING REQUEST FOR JUDICIAL NOTICE [Doc. No. 5];**<br><br>**(2) SUMMARILY DISMISSING SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION; AND**<br><br>**(3) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

On November 20, 2023, Petitioner Pedro Rodriguez ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254, along with a request to proceed in forma pauperis ("IFP"). Doc. Nos. 1-2. On December 4, 2023, the Court denied Petitioner's request to proceed IFP and dismissed the case without prejudice, directing Petitioner that to have the case reopened he must, no later than January 5, 2024, either provide the Court with the $5.00 filing fee or provide the Court adequate proof that he cannot pay the $5.00 filing fee. *See* Doc. No. 3. On January 4, 2024, Petitioner paid the $5.00 filing fee. *See* Doc. No. 4. On January 4,

2024, Petitioner also filed a request for judicial notice, requesting the Court judicially notice Petitioner's delayed receipt of the Court's December 4, 2023, Order.  Doc. No. 5.

## I. REQUEST FOR JUDICIAL NOTICE

Petitioner requests the Court "judicially notice Petitioner received Order Doc #3 filed 12/04/23 in case 3:23-cv-2135-MMA-MSB December 28, 2023 24 days later" and asserts that "[t]he Sheriff's Dept are withholding my mail as is a typical and effective way to procedurally default Petitioner's claims."  Doc. No. 5 at 1.

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Thus, "[a] court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein."  *Marsh v. San Diego Cnty.*, 432 F.Supp.2d 1035, 1043 (S.D. Cal. May 5, 2006), citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

Petitioner's request for notice of his assertedly delayed receipt of the Court's December 4, 2023, Order is not a proper subject for judicial notice because Petitioner appears to request the Court judicially notice the truth of Petitioner's own assertions.  Accordingly, Petitioner's request for judicial notice [Doc. No. 5] is **DENIED**.  The Court additionally notes that Petitioner timely satisfied the filing fee requirement in this case despite the assertedly delayed receipt of the Court's December 4, 2023, Order.  *See* Doc. Nos. 3-4.

With respect to Petitioner's contentions that the Sheriff's Department is withholding his mail, to the extent Petitioner wishes to pursue claims concerning the conditions of his confinement at the San Diego County Jail, such claims must be brought, if at all, in a civil rights complaint filed pursuant to Section 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); *see also Nettles v. Grounds*, 830 F.3d 922, 931

(9th Cir. 2016) (en banc) ("[W]e hold that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."), quoting *Preiser*, 411 U.S. at 487); *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011).

## II.  PETITION BARRED BY GATEKEEPER PROVISION

Upon review, the instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his May 7, 2019, resentencing in San Diego County Superior Court case number SCN340334-02 (aggregate case numbers SCN333477 and SCN340334).  On August 29, 2022, Petitioner filed in this Court a Petition for a Writ of Habeas Corpus challenging his May 7, 2019, sentence of 30 years and 8 months in San Diego Superior Court case number SCN340334-02 (aggregate case numbers SCN333477 and SCN340334), of which the Court takes judicial notice. *See* Doc. No. 1 in S.D. Cal. Civil Case No. 22-cv-1299-RSH (MSB); *see United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.")  On July 14, 2023, this Court denied that petition on the merits, denied Petitioner's related motions and requests, and denied a certificate of appealability.  *See* Doc. No. 41 in S.D. Cal. Civil Case No. 22-cv-1299-RSH (MSB).  On August 23, 2023, the Court denied Petitioner's subsequent motion to alter or amend judgment and again denied a certificate of appealability.  *See* Doc. No. 46 in S.D. Cal. Civil Case No. 22-cv-1299-RSH (MSB). Petitioner's appeal of the Court's July 14, 2023, Order and judgment is currently pending in the Ninth Circuit.  *See Rodriguez v. Ray, et al.*, Case No. 23-1770 (9th Cir. opened August 10, 2023).

In the instant Petition, Petitioner again indicates he seeks to challenge this same May 7, 2019, resentencing in case number SCN340334-02 (aggregate case numbers SCN333477 and SCN340334), which he indicates resulted in a sentence of 30 years and 8 months.  *See* Doc. No. 1 at 1; *see also* Doc. No. 1-3 at 15-22.  Petitioner does not appear to in any way acknowledge that this is not his first federal petition for a writ of

habeas corpus challenging his 2019 resentencing in San Diego Superior Court case number SCN340334-02 (aggregate case numbers SCN333477 and SCN340334). *See generally* Doc. No. 1. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is "second or successive" where the petitioner challenges "the same custody imposed by the same judgment of a state court" as in a prior petition.)

Even were Petitioner able to demonstrate that his petition falls within the statutory provisions allowing for permission to file a second or successive habeas petition, *see* 28 U.S.C. § 2244(b)(2)(A)-(B), Petitioner must still first obtain authorization from the Ninth Circuit Court of Appeals to file a petition in this Court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Morales v. Sherman*, 949 F.3d 474, 476 (9th Cir. 2020) (per curiam) (recognizing that 28 U.S.C. § 2244(b)(3)(A) is "a provision that bars district courts from entertaining a second or successive petition unless its filing has first been authorized by the court of appeals.") In the instant case, Petitioner does not indicate he has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition*, see generally* Doc. No. 1, and the Court's review of the Ninth Circuit's electronic docket similarly fails to reflect that Petitioner has sought or obtained such permission from the Ninth Circuit. Accordingly, this Court lacks jurisdiction to consider the instant federal Petition.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") is required to appeal to the court of appeals "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," and is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A) and (c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the instant case, because Petitioner previously filed a petition challenging his 2019 resentencing in case number SCN340334-02 (aggregate case numbers SCN333477 and SCN340334) which was denied on the merits, and there is no indication Petitioner has received permission from the Ninth Circuit Court of Appeals to file a second or successive petition, the Court is not persuaded that Petitioner has shown "jurists of reason would find it debatable whether the district court was correct" in dismissing the instant petition for lack of authorization. *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2253(c); *Burton*, 549 U.S. at 153; *Slack*, 529 U.S. at 484. Accordingly, the Court declines to issue a COA.

## IV.  CONCLUSION

For the reasons discussed above, the Court acknowledges the timely receipt of the $5.00 filing fee in the instant case and **DENIES** Petitioner's request for judicial notice [Doc. No. 5]. Because there is no indication that the Ninth Circuit Court of Appeals has granted Petitioner leave to file a second or successive petition, this Court cannot consider the Petition. Accordingly, the Court **DISMISSES** this habeas action without prejudice to Petitioner filing a petition in this Court if he obtains the necessary order from the Ninth Circuit Court of Appeals. The Court **DECLINES** to issue a COA. The Clerk of Court is directed to send Petitioner a blank Ninth Circuit Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 together with a copy of this Order.

**IT IS SO ORDERED.**

DATED: January 12, 2024

HON. MICHAEL M. ANELLO
United States District Judge