UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>                                    Petitioner,<br><br>v.<br><br>SHERIFF KELLY MARTINEZ, et al.,<br><br>                                    Respondents. | Case No.:  23-cv-2135-MMA (MSB)<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION REQUESTING RELIEF FROM JUDGMENT [Doc. No. 8]**<br><br>**(2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**<br><br>**(3) DIRECTING CLERK TO RE-SEND PETITIONER A COPY OF THE COURT'S JANUARY 12, 2024, ORDER [Doc. No. 6]** |

Presently before the Court is Petitioner's Motion requesting relief from judgment pursuant to Fed. R. Civ. P. 60(b).  Doc. No. 8.  For the reasons discussed below, the Court **DENIES** Petitioner's Motion, **DECLINES** to issue a Certificate of Appealability, and **DIRECTS** the Clerk to resend Petitioner a copy of the Court's January 12, 2024, Order.

/ / /

/ / /

1

## I.   RELEVANT PROCEDURAL HISTORY

On November 20, 2023, Petitioner Pedro Rodriguez ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, along with a request to proceed in forma pauperis ["IFP"].  Doc. Nos. 1-2.  On December 4, 2023, the Court denied Petitioner's request to proceed IFP and dismissed the case without prejudice, directing Petitioner that to have the case reopened he must, no later than January 5, 2024, either provide the Court with the $5.00 filing fee or with adequate proof that Petitioner cannot pay the $5.00 filing fee.  *See* Doc. No. 3.  On January 4, 2024, Petitioner paid the $5.00 filing fee and filed a request for judicial notice of Petitioner's delayed receipt of the Court's December 4, 2023, Order.  Doc. Nos. 4-5.  On January 12, 2024, the Court issued an order denying Petitioner's request for judicial notice, summarily dismissing the Petition as second or successive pursuant to 28 U.S.C. § 2244(b)(3)(A), without prejudice to Petitioner filing a petition in this Court if he obtains the necessary order from the Ninth Circuit Court of Appeals and declining to issue a certificate of appealability.  Doc. No. 6.  The Clerk entered judgment accordingly and closed the case.  Doc. No. 7.

On February 8, 2024, Petitioner filed the instant motion requesting relief from judgment pursuant to Fed. R. Civ. P. 60(b).  Doc. No. 8.  He notes that he complied with the Court's prior order and submitted a timely payment of the filing fee and states he does not know why the instant Petition was denied, citing difficulties he has experienced in receiving mail.  Doc. No. 8.

## II.   DISCUSSION

Pursuant to Rule 60(b), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" upon a showing of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been

1  satisfied, released, or discharged; it is based on an earlier judgment that has been reversed

2  or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that

3  justifies relief."  Fed. R. Civ. P. 60(b).

4        The Supreme Court has held that "Rule 60(b), like the rest of the Rules of Civil

5  Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only to the

6  extent that (it is) not inconsistent with applicable federal statutory provisions and rules,"

7  which includes the rules governing limitations on second and successive petitions.

8  *Gonzalez v. Crosby*, 545 U.S. 525, 529 (2005) (internal quote marks, citations, and

9  footnote omitted).  Yet, "when a Rule 60(b) motion attacks, not the substance of the

10  federal court's resolution of a claim on the merits, but some defect in the integrity of the

11  federal habeas proceedings," the motion itself does not constitute a second or successive

12  petition.  *Id.* at 532; *see also id.* at 532 n.4.  While the Court held the Petition itself was a

13  second or successive application for habeas relief, Petitioner's instant motion, which only

14  contends the Court erred in dismissing his petition for failure to satisfy the filing fee

15  requirement when he in fact submitted timely payment of the filing fee, is not itself a

16  second or successive application, and the Court therefore has jurisdiction to address the

17  instant Rule 60(b) motion.

18        Petitioner does not specify which Rule 60(b) provision he seeks to satisfy,

19  indicating only that he "seeks relief from denial of petition for writ of habeas corpus as

20  Petitioner has paid 5$ [sic] filing fee and never received notice from Court as to what

21  decision was rendered" because he asserts his mail from Court was returned by jail

22  personnel.  Doc. No. 8 at 1-2.  However, Petitioner's assertion that the Court should not

23  have dismissed his habeas proceeding for failing to pay the filing fee when he in fact paid

24  the filing fee does not satisfy any of the provisions of Rule 60(b), given judgment did not

25  issue due to any failure to satisfy the filing fee requirement.  Instead, the Court clearly

26  acknowledged timely receipt of the filing fee, *see* Doc. No. 6 at 1-2, 5, but summarily

27  dismissed the petition on separate grounds, namely because it was barred by the

28  Gatekeeper Provision of 28 U.S.C. § 2244(b)(3)(A) as a successive petition for which

1   Petitioner had not obtained permission from the Ninth Circuit Court of Appeals to file.

2   *See generally* Doc. No. 6.  Upon review, given Petitioner does not attempt to satisfy,

3   much less actually satisfy, any of the provisions of Rule 60(b), Petitioner's motion [Doc.

4   No. 8] is denied.

5   **III.    CERTIFICATE OF APPEALABILITY**

6   A certificate of appealability ("COA") is required to appeal to the court of appeals

7   "the final order in a habeas corpus proceeding in which the detention complained of

8   arises out of process issued by a State court," and is warranted "only if the applicant has

9   made a substantial showing of the denial of a constitutional right."  28 U.S.C.

10   § 2253(c)(1)(A) and (c)(2).  "When the district court denies a habeas petition on

11   procedural grounds without reaching the prisoner's underlying constitutional claim, a

12   COA should issue when the prisoner shows, at least, that jurists of reason would find it

13   debatable whether the petition states a valid claim of the denial of a constitutional right

14   and that jurists of reason would find it debatable whether the district court was correct in

15   its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

16   Additionally, "a COA is required to appeal the denial of a Rule 60(b) motion" in a

17   section 2254 habeas case.  *Payton v. Davis*, 906 F.3d 812, 818 and n. 8 (9th Cir. 2018),

18   citing *United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015).  The Court finds a

19   certificate of appealability is not warranted here because no "jurists of reason would find

20   it debatable whether the district court was correct" in denying Petitioner's Rule 60(b)

21   motion.  *See* Fed. R. Civ. P. 60(b); 28 U.S.C. § 2253(c); *Slack*, 529 U.S. at 484; *Payton*,

22   906 F.3d at 818 and n. 8; *Winkles*, 795 F.3d at 1142.  Accordingly, the Court declines to

23   issue a COA.

24   **IV.    CONCLUSION AND ORDER**

25   As discussed above, the **DENIES** Petitioner's motion requesting relief from

26   judgment pursuant to Rule 60(b) [Doc. No. 8].  The Court **DECLINES** to issue a

27   certificate of appealability.  In view of Petitioner's professed difficulties in receiving his

28   mail and specifically his indication that he did not receive a copy of the Court's January

12, 2024, Order, the Court **DIRECTS** the Clerk to re-send Petitioner a copy of the Court's January 12, 2024, Order [Doc. No. 6].

As previously noted in the January 12, 2024, Order, *see* Doc. No. 6 at 2-3, the Court again reiterates that with respect to Petitioner's contentions that the Sheriff's Department is withholding his mail, to the extent Petitioner wishes to pursue claims concerning the conditions of his confinement at the San Diego County Jail, such claims must be brought, if at all, in a civil rights complaint filed pursuant to Section 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); *see also Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) ("[W]e hold that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."), quoting *Preiser*, 411 U.S. at 487); *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011).

**IT IS SO ORDERED.**

Dated: February 15, 2024

_____
HON. MICHAEL M. ANELLO
United States District Judge

5

23-cv2135-MMA (MSB)